IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-01515-WDM-CBS

SCOTT A. FOUNTAIN,

    Petitioner,

v.

WARDEN RON WILEY, and
U.S. PAROLE COMMISSION,

    Respondents.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on several recommendations and orders issued by Magistrate Judge Craig B. Shaffer. The first is Magistrate Judge Shaffer's January 11, 2005 recommendation (doc no. 36) that Petitioner's Amended Application for Writ of Habeas Corpus ("Application") be denied. Petitioner filed a timely objection to the recommendation. 28 U.S.C. § 636(b). The second is Magistrate Judge Shaffer's order (doc no. 53) denying Petitioner's Motion for Order to Judicially Notice Adjudicative Facts, which Petitioner timely appealed pursuant to Fed. R. Civ. P. 72(a). The third is the Magistrate Judge's order (doc no. 70) denying Petitioner's Motion for Hearing/Conference and Motion for Writ of Habeas Corpus ad testificandum, also properly appealed.

With respect to the recommendation that the Application be denied, I have

reviewed *de novo* the pertinent portions of the record in this case, including the Application, Respondents' answer, the Traverse, the recommendation, Petitioner's objections, Petitioner's Motion for Summary Judgment and related filings, and Respondents' Notice that United States Parole Commission Has Been Extended.  For the reasons that follow, I conclude the recommendation should be accepted.  I also affirm the two orders denying Petitioner's Motion for Order to Judicially Notice Adjudicative Facts and Motion for Hearing/Conference and Motion for Writ of Habeas Corpus ad testificandum.

1.	Denial of Application for Writ of Habeas Corpus

Petitioner began serving a military sentence in April 1981 and was transferred to federal custody.  In January 1984, Petitioner murdered a prison guard.  Plaintiff pled guilty, but his plea was vacated on appeal.  *U.S. v. Fountain*, 777 F.3d 351 (7th Cir. 1985).  A new indictment was filed and Petitioner was found guilty by a jury in August 1986.  He was sentenced to life, plus 150 years, with a limitation that he could not be considered for parole for 50 years.  On appeal, the Seventh Circuit modified the sentence, holding that the non-eligibility period could not exceed ten years.  *U.S. v. Fountain*, 840 F.2d 509 (7th Cir. 1988).

Petitioner received an initial parole hearing on his life + 150 sentence on December 5, 1996 and was denied parole.  The hearing examiner recommended the parole hearing be continued to a 15 year reconsideration hearing in December 2011.  Petitioner appealed this recommendation up to the National Appeals Board, which affirmed.  He received an interim hearing on January 21, 2004, but the hearing

examiner determined that no change to the reconsideration hearing was warranted. The Parole Commission declined to reopen Petitioner's case. Petitioner then filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which was superseded by his Amended Application, filed November 1, 2004.

Petitioner's Application concerns parole and his contention that he is entitled to a parole date and release. Nearly all of Petitioner's arguments and objections are based on a central premise, which is that Section 235(b)(3) of the Sentencing Reform Act ("SRA") as it existed at the time of his sentencing essentially became incorporated in his sentence, and thereafter could not be changed. Because this premise is incorrect, I will address it at the outset.

At the time Petitioner committed his offense in January 1984, the terms of federal sentences were governed by the Parole Commission and Reorganization Act of 1976, which empowered the Parole Commission to evaluate prisoners' behavior and award them early release pursuant to 18 U.S.C. § 4206. *See Bledsoe v. United States,* 384 F.3d 1232, 1233 (10th Cir. 2004). The SRA was enacted in October 1984 and, among other things, abolished parole, phased out the Parole Commission, and applied uniform sentences under sentencing guidelines. *Id.* The effective date of the SRA has been determined to be November 1, 1987. *Id.* at 1234. However, for individuals whose offenses occurred before November 1, 1987, the Parole Commission would be kept in existence for five years after the effective date of the SRA. As originally enacted, Section 235(b)(3) of the SRA provided that:

> The United States Parole Commission shall set a release

> date, for an individual who will be in its jurisdiction the day
> before the expiration of five years after the effective date of
> this Act, that is within the range that applies to the prisoner
> under the applicable parole guideline. A release date set
> pursuant to this paragraph shall be set early enough to
> permit consideration of an appeal of the release date, in
> accordance with Parole Commission procedures, before the
> expiration of five years following the effective date of this
> Act.

Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat.1987, 2032 (1984), reprinted in 18 U.S.C. § 3551 note (1988).  On December 7, 1987, this provision was amended to delete the clause requiring the Commission to set release dates within the guideline range, and reinstated the Commission's authority to set release dates pursuant to 18 U.S.C. § 4206, which could fall outside the guideline range.  Sentencing Act of 1987, Pub.L. No. 100-182, § 2(b)(2), 101 Stat. 1266 (1987).  The Parole Commission has since been extended, most recently to November 1, 2008.

The Tenth Circuit has addressed the effect of the original section 235(b)(3) and its amendment in several cases.  In *Lewis v. Martin*, 880 F.2d 288, 290 (10th Cir. 1989), the court held that original section 235(b)(3) was a "winding-up" provision to ensure that the Parole Commission sets release dates for all prisoners sentenced under the old statutes.  However, the section does not require the Commission to take immediate action but rather requires a release date to be set sufficiently in advance of the Commission's expiration date to allow the prisoner to appeal the decision.  *Id.* Expanding on the decision in *Lewis*, the court in *Bledsoe v. United States* held that no statutory interest, and therefore no liberty interest, arose during the thirty six days in which the original section 235(b)(3) was in effect until its amendment because there is

no certainty that any individual prisoner will be in the custody of the Parole Commission when it expires. 384 F.3d 1232, 1235-36 (10th Cir. 2004). Since Petitioner committed his offenses before the SRA was enacted and was sentenced before its effective date of November 1, 1987, and the SRA created no statutory or liberty interest until the Parole Commission actually expires, the requirements of the unamended section 235(b)(3) did not become "incorporated" in Petitioner's sentence.

I now address the claims contained in Petitioner's Amended Application.

a) First claim: 1 U.S.C. § 109 preserved the unamended Section 235(b)(3)

Petitioner argues that section 235 repealed section 4206 (the old parole law) and 1 U.S.C. § 109 preserved the unamended section 235(b)(3) in his case because his case was on appeal when the amendment was enacted in December 1987. Magistrate Judge Shaffer rejected this argument on the grounds that section 235 was not in effect at the time of Petitioner committed his offense and, moreover, did not vest any statutory entitlement at the time of its enactment.

In his objection, Petitioner argues that his statutory interest vested because the Parole Commission expired on November 1, 2002 and the legislation extending it did not take effect until the following day. Petitioner further argues that the offense date is irrelevant because his argument is based on "anti-retrospectivity." I have reviewed the cases cited by Plaintiff and see no basis to find that any entitlement vested in Petitioner by virtue of the timing of his offense, sentencing, or appeal, or by the effect of the general savings statute in 1 U.S.C. § 109.

b) Second claim: Violation of Article III Court's sentencing structure

Petitioner asserts that the 1987 amendment to section 235(b)(3) violated the doctrine of separation of powers because "Congress cannot empower Executive Agency to review and nullify a sentence structure lawfully imposed by Art. III Court in accord with then-applicable law." Application at 3. Magistrate Judge Shaffer rejected this argument because the amendment to section 235(b)(3) had no such effect and because the decision in Petitioner's appeal affected the length of his parole ineligibility period, not his release date. Petitioner argues that a "new" sentence was imposed when the December 1987 amendment to section 235(b)(3) took effect. I disagree. As discussed above, since the preamended section 235(b)(3) was not part of Petitioner's sentence, the amendment did not change his sentence.

    c)    Third Claim: Ex Post Facto increase in incarceration

Petitioner argues that the amendment to section 235 increased his punishment after his sentencing because the amended version of 235(b)(3) permits upward departure in release dates. Magistrate Judge Shaffer noted that purported increases in punishment are measured against the law in effect of the date of the offense, not sentencing. Since Petitioner receives the same parole consideration under amended section 235(b)(3) as under pre-SRA statutes (i.e., as provided by 18 U.S.C. § 4206), he is not disadvantaged. *Bledsoe*, 384 F.3d at 1238-39. In his objection, Petitioner argues that he is not making an ex post facto claim or argument and that what matters is the date of his sentencing. Regardless of how Petitioner titles this claim, his assertion is that he was subject to a detrimental change in the law. I agree with Magistrate Judge Shaffer that *Bledsoe* establishes that the amendment to section 235

does not amount to an unconstitutional retroactive increase in punishment in Petitioner's case.  Moreover, since Petitioner's sentencing (September 19, 1986) occurred before the effective date of the SRA (November 1, 1987) and the SRA did not vest any liberty interest with its enactment, Petitioner's argument that his sentencing date controls is unavailing.

      d)      Fourth Claim: Amendment 5, 8, and 9 of the U.S. Constitution

Petitioner's Fourth Claim is based on his contention that the amendments to section 235(b)(3) constitute cruel and unusual punishment and arbitrary and fundamentally unfair action.  Magistrate Judge Shaffer rejected this argument because the denial of parole under a statute dictating discretion does not constitute cruel and unusual punishment.  *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).  Similarly, "[p]arole is a privilege; there is no constitutional or inherent right to parole." *Id.*  Petitioner argues in his objection that the preamended section 235 mandated setting a release date and that individuals such as himself (determined to be Category 8 offenders) are more harshly affected by the return to the pre-SRA status quo.  Again, however, since Petitioner has not statutory entitlement and no constitutional right to parole, I see no error.

      e)      Fifth Claim: Violation of Administrative Procedure Act

Petitioner argues that the repeal of regulation 28 C.F.R. § 2.64, which was in effect at the time of his sentence, is in violation of the Administrative Procedure Act's notice and comment procedures and exceeded the authority of the agency.  Magistrate Judge Shaffer determined that the claim was not properly raised in this Application and

the Petitioner should first exhaust his administrative remedies. In his objection, Petitioner contends that exhaustion is not required because the regulations are insufficient as a matter of law, the issue is purely legal, and because respondents have unclean hands. He also references authority cited in his Motion for Summary Judgment. I agree with the recommendation but on a different ground. I note that 28 C.F.R. 2.64 is an interpretive rule, which is not subject to notice and comment requirements. 5 U.S.C. § 553(b). Accordingly, I see no error.

      f)      Sixth Claim: Denial of Fifth Amendment Liberty Interest

Magistrate Judge Shaffer determined that this claim was precluded by *Bledsoe,* discussed above. In his objection, Petitioner argues that his case is controlled by *Dallis v. Martin*, 929 F.2d 587 (10th Cir. 1991), not *Bledsoe*. I disagree. *Dallis* concerns the effective date of Section 227 of the SRA, not Section 235, and is not inconsistent with *Bledsoe*. I agree with the recommendation in this regard.

      g)      Claim 7: Denial of Fifth Amendment Rights

This claim is another version of Petitioner's argument that the Parole Commission expired on November 1, 2002 and the legislation extending it did not take effect until November 2, 2002, thus vesting his statutory right in a parole release date. I disagree. The Commission did not expire and was properly extended by legislation. Accordingly, I reject Petitioner's argument.

      h)      Claim 8: Failure to conduct revocation hearing on first sentence

Petitioner argues that no revocation hearing was conducted on his initial four year sentence, which would have permitted him to obtain an immediate release date

under the unamended statute. Magistrate Judge Shaffer also denied this claim pursuant to *Bledsoe*. Petitioner objects to this recommendation on the grounds that the government did not respond to this claim in its Response. This is an insufficient basis to establish that Petitioner's federal rights were violated. I agree with Magistrate Judge Shaffer that this claim is precluded by *Bledsoe*.

I have reviewed the remaining arguments and authorities contained in Petitioner's Motion for Summary Judgment and see no basis to reject the recommendation to deny Petitioner's Application.

2.     Order denying Motion to Judicially Notice Adjudicative Facts

In connection with Petitioner's Motion for Summary Judgment and other supplemental filings, Petitioner filed a motion requesting that the court take judicial notice of certain facts relevant to his pleadings. Magistrate Judge Shaffer denied the motion on the grounds that the facts at issue are not appropriate for judicial notice because they are subject to dispute and because judicial notice of evidence presented is unnecessary. I have reviewed the motion and its referenced attachments, the order, and Petitioner's objections. I agree with Magistrate Judge Shaffer that judicial notice of the material identified by Petitioner is either inappropriate or unnecessary. Because the order is not clearly erroneous or contrary to law, I affirm the order.

3.     Order denying hearing on Motion for Court Hearing

Magistrate Judge Shaffer denied Petitioner's motion on the grounds that a hearing was not appropriate in light of the pending recommendation to deny the Application. Petitioner appeals this order on the grounds that Magistrate Judge Shaffer

Case 1:04-cv-01515-WDM-CBS   Document 82   Filed 01/30/07   USDC Colorado   Page 10 of 11

does not have authority to enter a dispositive order and that the order denies Petitioner Fifth Amendment due process rights. I disagree. The order denying Petitioner's request for a hearing is not a dispositive order. In addition, Petitioner has no property or liberty entitlement to a hearing. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this case because Petitioner filed his Application after AEDPA's effective date. *See Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006). AEDPA strictly limits a federal court's ability to grant evidentiary hearings, permitting them only where the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered and the facts underlying the claim are sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable jury would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2). Where the AEDPA does not preclude a hearing, granting a hearing is a matter of discretion, but a hearing is unnecessary if the claim can be resolved on the record. *Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005). Petitioner's claims fail as a matter of law on undisputed facts, not because of a deficiency of or conflict in the evidence on the record. I see no error in the denial of Petitioner's motion.

Accordingly, it is ordered:

1. The recommendation issued January 11, 2005 (doc no. 36) is accepted.

2. Petitioner's Application for Writ of Habeas Corpus is denied.

3. The Magistrate Judge's order (doc no. 53) denying Petitioner's Motion for Order to Judicially Notice Adjudicative Facts is affirmed.

Case 1:04-cv-01515-WDM-CBS   Document 82   Filed 01/30/07   USDC Colorado   Page 10 of 11

10

4.	The Magistrate Judge's order (doc no. 70) denying Petitioner's Motion for Hearing/Conference and Motion for Writ of Habeas Corpus ad testificandum, is affirmed.

DATED at Denver, Colorado, on January 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge